# IN THE COURT OF APPEALS OF IOWA

No. 22-1841
Filed March 29, 2023

**IN THE INTEREST OF J.D.,**
**Minor Child,**

**N.S., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Nicole C. Steddom of Heslinga, Dixon & Hite, Oskaloosa, for appellant mother.

Brenna Bird, Attorney General, and Ellen Ramsey-Kacena (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Maddison Audrey Elizabeth Denny of Faulkner, Boerman & Lindgren, Oskaloosa, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2019. She challenges the denial of her motion to continue trial and contests the grounds for terminating her parental rights. She also argues termination is not in the child's best interest and asks for more time. We review termination proceedings de novo. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020).

The events that led to the child-in-need-of-assistance (CINA) proceedings occurred in December 2021. There was an incident involving domestic violence perpetrated on the mother by the man she identified as the child's father. The incident occurred in the child's presence. There were also concerns that the mother, who admits she is addicted to methamphetamine, was using again. Hypodermic needles were kept in the home in a place the child could access them. When the mother failed to adhere to the safety plan, the juvenile court removed the child from the home. A CINA adjudication order was entered in February 2022.

The mother started in-patient treatment in March 2022 but was discharged unsuccessfully after less than one month and she continued using methamphetamine. But at the June permanency hearing, the parties agreed to a three-month extension to allow additional time for reunification and paternity testing. The test results revealed that the mother named the wrong person as the child's father. The mother then offered the names of two other individuals who could be the child's father.

A permanency review hearing was held in September. The court found the problems that the case permanency plan intended to address had not been solved and the child could not be returned to the mother's custody. It denied the mother's

request to delay permanency for three more months, ordered paternity testing on the other possible fathers, and modified the permanency goal to termination and adoption. The State petitioned to terminate parental rights the next day.

Three weeks before the termination hearing, the child's biological father was identified. The mother moved to continue the proceedings for three months to "determine whether the minor child may be placed with his biological father" and "give the mother additional time to engage in treatment and services." The juvenile court denied her motion, and the mother challenges that ruling on appeal. We review the denial of a continuance for an abuse of discretion. *See In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). We reverse only if the court acted unreasonably under the circumstances and caused injustice to the party seeking it. *See In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).

The mother complains that more time was needed to determine whether the biological father was a suitable placement for the child. She argues that "[h]ad father been a suitable placement, there would have been no need to terminate the mother's parental rights as she could have continued to work towards reunification." But we have "consistently rejected challenges to termination of one parent's rights based solely on the assertion that the child could or should be returned to the other parent." *In re C.T.*, No. 18-2199, 2019 WL 1055897, at *1 n.1 (Iowa Ct. App. Mar. 6, 2019) (collecting cases). Thus, the juvenile court did not abuse its discretion in denying a continuance.

After the termination hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (Supp. 2022). Although the mother challenges each ground, we may affirm on any ground

supported by the record.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  To terminate parental rights under section 232.116(1)(h) the evidence must show:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother disputes that the child could not be returned to her care at the time of the termination hearing.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

Clear and convincing evidence shows the child could not be returned to the mother's care at the time of the termination hearing.  The mother made no progress during the CINA proceedings; she did not complete substance-abuse treatment, she continued to use methamphetamine, her participation in the recommended mental-health treatment was inconsistent, she struggled to maintain housing, and her visits with the child remained supervised.  The mother's only argument on appeal is that the child could be "returned" to the biological father:

> There was nothing in the record to indicate that the child could not have been returned to his biological father.  Even if that transition needed to be slow, the child was in a safe place and receiving loving care, and would have continued to receive that care during the transition to his father.  Such a transition would have prevented the need for the mother's rights to be terminated as the child would have been in the care and custody of a parent.

As stated above, this argument is unavailing.

Having found the State proved the grounds for termination under section 232.116(1)(h), we turn our attention to the child's best interest. In doing so, we look to the framework described in section 232.116. *See In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010). That section requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The mother contends that terminating her parental rights is not in the child's best interest because she has a bond with and loves the child, and the child loves her. But the existence of love and a bond is not determinative. *See, e.g.*, *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018) (finding termination was in the child's best interest even though the mother "unquestionably loves her child and has bonded with her"). The mother never completed substance-abuse treatment, and she continues to use methamphetamine. Her methamphetamine use impedes her ability to meet the child's needs and presents a safety threat. *See In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014) (recognizing that "a juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care"); *see also State v. Petithory*, 702 N.W.2d 854, 859 (Iowa 2005) (recognizing that leaving a young child in the care of a methamphetamine user presents a hazard that is "too great"). On this basis, we concur that terminating the mother's parental rights is in the child's best interests.

The crux of the mother's arguments on appeal is that the decision to terminate is premature and she should be given more time to prove herself. Iowa

Code section 232.104(2)(b) allows the court to continue the child's placement for up to six months if additional time will eliminate the need for the child's removal. But to ensure that the court grants an extension only when it is likely to change the outcome, the legislature requires the court to make specific findings. *See* Iowa Code § 232.104(2)(b). The court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*

We cannot find that the child could be returned to the mother's care in three months. The mother has a long history of involvement with the juvenile court that extends before the child's birth. Permanency was delayed for three months during the CINA proceedings, and the mother made no improvement. There is no basis for finding that three more months would benefit the child. *See B.H.A.*, 938 N.W.2d at 233 (noting a parent's past performance shows the quality of the future care that parent can provide). After all, children are not equipped with pause buttons. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home").

We affirm the termination of the mother's parental rights.

**AFFIRMED.**